# CIRCUIT COURT OF THE CITY OF NORFOLK

Samantha L. Price

v.

Freedom Ford, Inc.,
and Ford Motor Co.

June 30, 1998

Case No. (Law) L96-3385

BY JUDGE EVERETT A. MARTIN, JR.

This case is before the court on the defendants' pleas in bar based on the statute of limitations. The plaintiff alleges that on or about January 30, 1992, she purchased a new Ford Escort from Freedom Ford, an authorized dealer of the Ford Motor Company ("Ford"). She claims the car came with "an express new car warranty on parts and labor, for full repair and replacement of parts or the vehicle, if necessary, for a period of three (3) years or 36,000 miles, whichever occurs first." Amended motion for judgment, paragraph 6. From the purchase date through May 29, 1996, she claims the car was repaired fourteen times. After attempting to repair the car on April 29, 1996, Freedom Ford gave the plaintiff an additional express warranty of twelve months "for full repair." Amended motion for judgment, paragraph 8. The plaintiff contacted Ford regarding the vehicle's non-conformity with the warranties on July 9, 1996, and she filed her original action against only Freedom Ford on September 12, 1996. On January 16, 1997, she filed her amended motion for judgment

against both defendants. Ford and Freedom Ford each filed a plea in bar alleging the statute of limitations bars the action.

Count I of the amended motion for judgment alleges breaches of express and implied warranties. Count II alleges a violation of the federal Magnuson-Moss Warranty Act ("Magnuson-Moss"). Count III alleges a violation of Virginia's Motor Vehicle Warranty Enforcement Act ("Lemon Law"). It was agreed at the hearing on May 15, 1998, that Count III only applies to Ford. I sustain the pleas in bar to Count I with respect to implied warranties and to Count III. I overrule the pleas in bar to Count I with respect to the express warranty and to Count II.

### Uniform Commercial Code

The Uniform Commercial Code ("UCC") requires a plaintiff to file an action based on a sales contract within four years of the accrual of the action. Code of Virginia § 8.2-725(1). An action for breach of warranty accrues "when tender of delivery is made," regardless of the aggrieved party's lack of knowledge of the defect. The only exception arises when "a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." If the exception applies, the cause of action accrues "when the breach is or should have been discovered." § 8.2-725(2).

I sustain the pleas in bar with respect to the alleged breach of implied warranties. By their very nature implied warranties cannot *explicitly* extend to future performance. This appears, with good reason, to be the almost uniform holding of courts that have considered the issue. See cases at 93 A.L.R. 3d 690, § 2.

With respect to the express warranty alleged, I do not believe I may rule on the pleas in bar at this time as the warranty was not attached as an exhibit to any pleading or quoted verbatim. A review of the cases shows that the exact wording of the warranty may be most important in deciding whether it extends to future performance. Therefore, I overrule the pleas in bar to the alleged breach of express warranty. Should the defendants wish to bring this issue before the Court again, all parties should also address the effect, if any, of the additional twelve month warranty the plaintiff mentions in paragraph 8 of her amended motion for judgment.

## Magnuson-Moss

This is a federal act that does not contain a statute of limitations. 15 U.S.C. §§ 2301-2312. In this situation, courts look to the most analogous state statute for the appropriate limitations period. *North Star Steel* v. *Thomas*, 515 U.S. 29 (1995).

The purpose of Magnuson-Moss is to regulate written warranties on consumer goods and to provide injured consumers with a cause of action against manufacturers who fail to comply with the act's requirements. *Wolf* v. *Ford Motor Co.*, 829 F.2d 1277 (4th Cir. 1987). The UCC regulates express and implied warranties on the sale of most goods (not only consumer goods), and it provides buyers with a cause of action for breach of warranty. These acts, unlike the Lemon Law, are not limited to the warranty requirements of consumer motor vehicles. Most courts apply the UCC statute of limitations to Magnuson-Moss actions. For example, see *Tittle* v. *Steel City Oldsmobile*, 544 So. 2d 883 (Ala. 1989); *Waldron* v. *Subaru of America*, 20 Va. Cir. 355 (1990). I shall as well.

## Virginia Lemon Law

The Lemon Law requires manufacturers of new cars, as well as their agents and authorized dealers, to make any repairs which are necessary to fulfill any warranties issued to consumers. Va. Code § 59.1-207.12. The manufacturer must either replace or provide a full refund for any car which has a significant non-conformity after a reasonable number of attempts to repair the car. Code § 59.1-207.13. These remedies are available only for eighteen months from the date the vehicle is delivered to the consumer. Code §§ 59.1-207.11, 59.1-207.16.

The only exception to the eighteen month limitation applies to a consumer "whose good faith attempts to settle the dispute have not resulted in the satisfactory correction or repair of the nonconformity, replacement of the motor vehicle or refund to the consumer … ." Code § 59.1-207.16. This provision, however, refers to a manufacturer's "dispute settlement procedure," which the consumer has the choice of using before filing suit under the Act. Code § 59.1-207.15. A consumer who uses the dispute settlement procedure may file an action either within the eighteen month limitation or within twelve months of the manufacturer's final action in the settlement procedure, whichever is longer. Code § 59.1-207.16.

In this case, I assume the delivery occurred on the purchase date, January 30, 1992. Although the plaintiff alleges four years of unsuccessful repairs to

the car, she fails to allege in her amended motion for judgment that she used the manufacturer's dispute settlement procedure. The Act is unclear about what exactly a manufacturer's dispute settlement procedure is; however, whatever it may be, it is not merely taking one's car to the dealership for repair. *Smith* v. *General Motors Corp.*, 35 Va. Cir. 112 (1995). Thus, the plaintiff's right of action under the Lemon Law expired eighteen months after purchase. As she did not file her action until September 1996, it is barred by the statute of limitations. I thus sustain Ford's special plea to Count III of the amended motion for judgment.